WINDSOR,
*February,*
1833.

Town of
Royalton
*vs.*
Fox & al.

---

## ENOCH BURNHAM, Jr. vs. GEORGE BASS.

ORANGE,
*February,*
1833.

That, to a *scire facias* upon a recognizance, entered into far the prosecution of an appeal, it is no defence that the original plaintiff, who appealed, being a feme sole administratrix, married, before the sitting of the Appellate Court.

That the appeal might have been entered and prosecuted by an administrator *de bonis non.*

This was a *scire facias* upon a recognizance of seventy-five dollars, entered into before a justice of the peace, and conditioned for the prosecution of an appeal from the judgement of said justice to the County Court. The original suit was in favor of Talitha Burnham, administratrix of one Rufus Burnham, deceased, against one Enoch Burnham, jr. The said Enoch recovered judgement for his cost, being about ten dollars; and the said Talitha appealed to the County Court, and neglected to enter her appeal. The said Enoch filed his complaint, and procured the affirmance of said judgement in the County Court, with additional costs; amounting in the whole to about twenty dollars.— To recover this cost, the present *scire facias* was brought to the County Court; where the defendant interposed a

ORANGE,
February,
1833.

Burnham
vs.
Bass

plea in bar, that the said Talitha, after the said appeal, and before the time of entering the same in the County Court, intermarried with one Fox, by which her administration ceased, and she could no further prosecute said suit ; and that the cost recovered before the said justice, had already been paid and satisfied. To this plea, the plaintiff demurred.

The County Court adjudged this plea in bar insufficient. And the defendant filed exceptions to this decision; and also entered an appeal to this Court.

When the action was called in this Court, a query was suggested by counsel, whose duty it was to furnish the Court with copies. Because, if it should be argued as coming up by appeal, the party demurring would have the opening and closing argument, as he had in the County Court ; and it would be his duty to furnish the Court with copies. But, if it should be argued as coming up on exceptions, the party excepting would be as a plaintiff in a writ of error ; and he would open and close the arguments ; and it would be his duty to furnish the Court with copies. The Court considered, that, as the ancient rule, requiring the demurrant, and the plaintiff in error, to furnish the copies, was predicated upon a supposed privilege of opening and closing the argument, where there is no other ground of distinction, and the claims seem equal, the privilege is acceded to the plaintiff. So the plaintiff's counsel went forward in argument—having first furnished copies required by the rules of this Court.

*Argument for the plaintiff.*—The main question in this case is, did the marriage of Mrs. Burnham, for whose acts the defendant covenanted, discharge the recognizance ?

If a person undertakes by bond to do an act, or that an act shall be done, it is not sufficient for him to show, that he has done all in his power.—Bull. N. P. 164–5.

Thus, if a party undertakes, that a condition shall be performed by a stranger, and the latter refuses, this is no excuse, unless such refusal be procured by the other party.—5 Vin. Abr. 239.—6 Ter. Rep. 210, 710. Case cited 1 T. R. 642.—*Doughty* vs. *Neal,* 1 Sand. 216 ; Shep. Touch. 387.

ORANGE,
February,
1833.

Burnham
vs.
Bass.

So, where the obligor prevents the performance of a condition precedent, by his neglect or default, it is equal to performance by the plaintiff.—1 Term Rep. 638.

The converse of this principle must also hold; that is, if the obligor places it out of his power to perform the condition, it is equal to non-performance on his part; and so are the authorities.—12 East. 436. —3 Com. Dig. 123, M. 2. —Litt. Sec. 356-6-7.—Co. Lit. 221, b.—3 Com. Dig. M. 3 Pl. 1, 2, 5, 6.—5 Vin. Abr. 223, Pl. 11.

Again, if a recognizance be conditioned for the appearance of B. at the next assizes holden for the County of S., and, before the next assizes, B. sues a *certiorari* out of the K. B. to remove the recognizor, and, at the next assizes, delivers the *certiorari* to the Judge, yet this does not excuse his appearance; for though the *certiorari* was the command of the King's, yet the purchase thereof was the act of B.; and he could, by no such plight, save his recognizance.— 6 Peters. Abr. 53.—3 Yelv. 207.—2 Sec. 26.—Vint. 275.— 2 Kib. 831.—Vide also Shep. Touch. 391.

This case is not to be distinguished from the one at bar. So, it is a breach of a condition, if the obligor is disabled to perform in the same plight and condition, that he was, when the condition was created.—Co. Lit. 221, *a*.

In Viner, this case is put : If a widow gives a bond, conditioned to make further assurance, &c. at the expense of the obligee, and she afterwards *marries*, this is a breach of the bond ; as the condition could not be performed in the same plight and without more expense to the obligee.— 5 Vin. Abr. 223, Pl. 11.—Vide also Shep. Touch. 383.

So, if I am bound to present J. S. to the church of B., and J. S. in the mean time *marries*, yet the condition is not discharged.—5 Vin. Abr. 230, Pl. 17.

The case at bar falls directly within the principle of these cases. The defendant undertook that Mrs. B. as administratrix, should prosecute the appeal to effect, &c., not that any one else should prosecute, but that *she* should do it.— Now, nothing will excuse a non-performance of this condition, but the *act of God, the act of the law,* or *that of the plaintiff himself.*—Bull. N. P. 164-5.

But the matter, set up in bar of the action, is the *marriage*—the act of Mrs. B. the principal. This, in reality,

ORANGE,
February,
1833.

Burnham
vs.
Bass.

is the only excuse assigned. It is true, that the statute says, that on the *marriage* of any administratrix, her powers, as such, shall cease ; but it is, after all, the act of the party, that produces this effect. This constitutes no defence, according to all the authorities; for, to allow it, would be to allow the defendant to take advantage of his own wrong ; or, what is the same thing, that of his principal. It does not lie in the defendant's mouth to say, that he is discharged from his liability on the bond, because his principal, by her own voluntary act, deprived herself of the power to prosecute the appeal. The very want of power, occasioned by her act, is a breach of the recognizance.

But, it is said that the judgement of affirmance was improperly rendered, Mrs. B. having married. Was this correct, it would be no defence. It is a sufficient answer, however, to say, the judgement having been affirmed by a Court of general jurisdiction, it is good until reversed, and cannot be overhauled in this collateral manner.—3 Cranch, 309.—Cro. Eliz. 278.—Cro. Jac. 246.—1 Wils. 302.—8 Rep. 96.—4 Mass. Rep. 303-4.

Judgements of a Court of general jurisdiction, are void only in cases where *from the judgement itself,* it is apparent, that the Court have not any jurisdiction.—2 Aik. Rep. 249.—2 Salk. 674.—Per. Sedgwick, J.—4 Mass. Rep. 303.

We take it as perfectly clear, that, if Mrs. B. had entered her appeal, and nothing had been said about her marriage, and final judgement had been given for the defendant, the defendant, in his suit, could not have taken advantage of the determination of her power. And, can her suffering the affirmance of the judgement, place this defendant in any better situation ? He is as much bound by the judgement, and by the acts of his principal, as the principal herself.— 1 Aik. Rep. 339.—16 John. Rep. 117.—2 Burr. 1187.

It was further said, that, no costs having accrued between the appeal and the marriage, it was wholly unnecessary to procure the affirmance of the judgement ; and that the plaintiff did it in his own wrong. This is no answer to the action, if it was true ; and in the second place, the position is not correct. By the appeal, the judgement of the justice was vacated and no action of debt could have been

founded upon it.—5 Mass. R. 376.   And it would seem to
follow, as a necessary consequence, that no suit could be
sustained on any recognizance, taken to prosecute the suit :
at most, for any thing more than nominal damages.   In or-
der to sustain on action on such a recognizance, there must
be an existing and operative judgement for costs.

ORANGE,
February,
1833.

Burnham
vs.
Bass.

*Upham, for defendant.*—This case comes before the Court
on general demurrer to defendant's plea in bar.

The principal question, presented by the pleadings, is
the following, viz : Did the marriage of the appellant, pen-
ding the appeal, extinguish her right as administratrix, a-
bate the suit, and discharge the said George Bass from his
recognizance ?

We maintain that it did.

By the 38th section of the probate act, it is declared,
"that, when a feme-sole, appointed alone, or with one, or
more persons, executrix, administratrix or guardian, shall
marry, such marriage shall extinguish her right, under such
appointment."—Statute, 340.

The right, then, of the appellant, further to prosecute
her said appeal, was, on the 8th of November, A. D. 1830,
extinguished by operation of law ; and it became impossi-
ble for her further to proceed with her action.   The ques-
tion now arises, what effect did this marriage have upon
the suit?.   We insist, that it abated the suit, and dischar-
ged this defendant from his recognizance.

It is a general principle, that, where a bond, or recogni-
zance is a thing in action, and executory, and no advan-
tage can be taken, until there be a default in the obligor,
if the condition is possible at the time of making, and, be-
fore the same can be performed, it becomes impossible,
or is prevented by the death of the party, or by the act of
the law, the obligation is saved.—Co.-Lit. 206, *d.*—Bull.
N. P. 164.—1 Shep. Touch. 381-2.—1 Sand. Rep. 216 *n.*
2.—1 Pick. Rep. 284.

It has frequently been determined, in England, in an
action on a replevin bond with a condition *to prosecute with
effect*, according to the form there, that a prosecution of the
suit until it is abated by the death of one of the parties, is
a prosecution with effect, and a good performance of the

Burnham
vs.
Bass.

condition.—*Ormond* vs. *Bierly*, Carth. 519.—12 Mod. 381. —1 Pick. Rep. 284.

If the plaintiff prosecute to the end of the cause, or as far as the law will allow, he most certainly fulfils the condition of his bond.

In *Peake* vs. *Keyes*, 3 Vt. Rep. 317, the Court ruled, that a recognizance, taken for the appeal of an action, was discharged by the death of the appellant, pending the appeal.

The appellant, in the case at bar, it is true, did not die a natural death; but she died as administratrix. Her power, further to administer upon her deceased husband's estate, ceased; and she could no more proceed with her action, than though she slumbered in her grave.

By marriage, the husband and wife are one person in law; that is, the very being or legal existence of the woman is suspended during the marriage; or, at least, is incorporated and consolidated into that of the husband; so that, independently of her husband, she has no legal existence.—1 Black. Com. 442.—8 Ter. Rep. 545.

But, it is said, this act of the appellant, which extinguished her right as administratrix, and merged her legal existence, was voluntary; and, therefore, the defendant was not discharged from his recognizance. The marriage of the appellant was a voluntary act, we admit; but the conclusion, drawn by the gentleman, we deny. This defendant had no control over the appellant, and could not prevent her marriage. Again, the appeal was taken on the 30th day of June, A. D. 1830, to the the then next Dec. Term of the Court; and the appellant's right, further to prosecute her said appeal, became extinguished by her marriage, on the 8th day of November, A. D. 1830; more than 30 days before the term of the Court, to which the appeal was taken, commenced. At the time of the appellant's marriage, the appellee was entitled to no cost, save what had accrued before the justice; and for that he had no claim against the defendant. But it appears from the pleadings, that the appellees, after the appellant's right further to prosecute said appeal had ceased, took out copies from the justice, and procured his judgement affirmed in the County Court. All the appellee's proceedings in the County Court, we insist, are void.

ORANGE,
*February,*
1833.

Burnham
*vs.*
Boss.

The opinion of the Court was pronounced by HUTCHINSON, C. J.—The only questions to be decided are, whether the suit of Talitha Burnham, administratrix, became discontinued, by her marriage after the appeal, in as full a sense as would be effected by the natural death of a plaintiff, and a representation of his estate to be insolvent; and whether, even in that case, as the marriage was her voluntary act, it would relieve the bondsman.

The Court consider, that her marriage was not a discontinuance of the action. It effected a total destruction of her right to prosecute the suit. But an administrator *de bonis non* might have been appointed, and could prosecute the suit as fully as she might have done, had there been no marriage. If sufficient time had not elapsed for such appointment, after her marriage, she might have entered her appeal, and the Court would, probably, have granted a continuance, to await such appointment. This case does not compare, at all, with that class of cases, of which *Peake* vs. *Keyes* was one. In those cases, the statute is imperative, that the action shall be discontinued; not upon the decease of the plaintiff, merely, but upon his decease, and representation that his estate is insolvent. If there is no such representation of insolvency, and the action be of a nature which survives, it may be prosecuted by his executor or administrator, the same as though that special provision had been omitted in the statute. That is a convenient provision; because it carries both debt and cost before the Commissioners for their adjustment, like claims that have never been sued. There is no such provision in case of the marriage of a feme sole administratrix: there is no necessity for it: for, as soon as one administration ceases, another may be created, and save the rights of both parties to the action.

With regard to the second question, we entertain no doubts but that the marriage being voluntary on the part of Talitha, the administratrix, and not the act of God, or of the opposite party. The recognizor to prosecute the appeal was holden as firmly as security for costs in such an event, as in any other.

Enoch Burnham, the appellee, might not know of the marriage, and nothing appears that he did know of it,

ORANGE,
February,
1833.

Burnham
vs.
Bass.

when he procured the affirmance of the judgement. He cannot, therefore, be accused of making unnecessary cost, by filing his complaint for affirmance. It was his regular course, as a matter of right. It must be the regular course in all cases, where the action survives, and where there is not both the decease of the plaintiff and a representation that his estate is insolvent. That the cost, recovered before the justice, has been since paid, can have no other effect in this suit, than to diminish the sum now to be recovered.

The judgement of the County Court was that the plea in bar was insufficient; and that judgement is now affirmed.